IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JENNIFER G. LASKOWSKI, individually, | ) | |
| heir-at-law of Peter A. Laskowski, | ) | |
| Deceased, and as Special Administrator of | ) | |
| the ESTATE OF PETER A. LASKOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | |
| HANS FRITZEMEIER, d/b/a DIRT | ) | **JURY TRIAL DEMANDED** |
| ROAD OUTFITTERS, | ) | |
| **SERVE:**      668 SE 30th Ave. | ) | |
|                 Stafford, KS 67578 | ) | |
| | ) | |
| DONALD FRITZEMEIER, d/b/a DIRT | ) | |
| ROAD OUTFITTERS, | ) | |
| **SERVE:**      166 E US Highway 50 | ) | |
|                 St. John, KS 67576 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MARK E. HAWKINS, JR., | ) | |
| **SERVE:**      5504 Peacock St. | ) | |
|                 Ocean Springs, MS 39546 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Jennifer G. Laskowski, for her claims for relief against the Defendants, alleges and states as follows:

## Parties

1.      Plaintiff Jennifer G. Laskowski is the surviving spouse of Peter A. Laskowski, deceased ("Decedent") and resident and citizen of Wisconsin.  Ms. Laskowski brings this action individually, as the heir-at-law of Decedent, pursuant to K.S.A. § 60-1901, *et seq.*, and as duly

appointed Special Administrator of the Estate of Peter A. Laskowski, deceased, (the "Estate"). Ms. Laskowski brings a survival cause of action, pursuant to K.S.A. § 60-1801, for personal injuries and conscious pain and suffering sustained by Decedent prior to his death.

2.     Defendant Hans Fritzemeier is an individual and resident of Kansas.  Hans Fritzemeier resides at 668 SE 30th Avenue, Stafford, Kansas 67578.

3.     Defendant Donald Fritzemeier is an individual, Hans Fritzemeier's father, and resident of Kansas.  Don Fritzemeier resides at 166 E US Highway 50, St. John, Kansas 67576.

4.     Hans Fritzemeier and Don Fritzemeier own and operate a hunting outfitting and guide business in and around Stafford County Kansas doing business as Dirt Road Outfitters.

5.     Dirt Road Outfitters is a joint venture between Hans and Don Fritzemeier.

6.     Dirt Road Outfitters holds itself out as a "family run business."

7.     At all relevant times, Dirt Road Outfitters conducted business on land in Stafford County, Kansas owned by Don Fritzemeier.

8.     Dirt Road Outfitters conducts business with equipment, including the vehicle involved in the subject wreck as described below, owned by Don Fritzemeier.

9.     On December 19, 2022, Don Fritzemeier, LLC was organized as a Limited Liability Company under the laws of the State of Kansas.

10.     Defendant Mark E. Hawkins, Jr. ("Hawkins") is an individual, resident and citizen of Mississippi.  Mr. Hawkins resides at 5504 Peacock Street, Ocean Springs, Mississippi 39546.

11.     Prior to December 7, 2022, Hawkins was hired as a hunting guide by Dirt Road Outfitters for its customers, including Peter Laskowski, on a December 7, 2022, deer hunting trip outfitted by Dirt Road Outfitters.

12.     On and prior to December 7, 2022, Hawkins was a hunting guide and worked in

that capacity as an agent, servant, and/or employee of Dirt Road Outfitters.

13.     Hawkins had been commissioned to take a group of customers, including Decedent, on a guided deer hunting trip on December 7, 2022.

14.     Hawkins agreed and arranged to serve as a guide on the trip.

15.     Hawkins was commissioned, at least in part, to transport customers to various deer stands for Dirt Road Outfitters.

16.     At all relevant times, Hawkins was acting in the course and scope of his capacity as an agent, servant, and/or employee of Dirt Road Outfitters.  The claims in this case arise out of conduct within the course and scope of Hawkins' employment with Dirt Road Outfitters.

## Jurisdiction and Venue

17.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and involves citizens of different states.

18.     At the relevant times, Hans and Don Fritzemeier regularly transacted business as Dirt Road Outfitters in the State of Kansas, including outfitting and guiding customers, like Decedent, on hunting trips on property owned by Don Fritzemeier.  Further, Hans and Don Fritzemeier d/b/a Dirt Road Outfitters and Mark Hawkins Jr. committed tortious acts in Kansas, including but not limited to the negligent conduct described herein, which occurred in Stafford County, Kansas.  Hans and Don Fritzemeier d/b/a Dirt Road Outfitters and Hawkins have therefore submitted themselves to the jurisdiction of this Court, pursuant to K.S.A. § 60-308(b).

19.     Venue is proper in this Court under 28 U.S.C. § 1391(b).

## General Allegations

20.     On December 7, 2022, Peter A. Laskowski died as a result of the injuries he suffered

3

during a motor vehicle wreck several hours after the crash, which occurred while he and other customers were on a guided hunting trip commissioned through Dirt Road Outfitters.

21.     Decedent was a passenger and customer in a vehicle—a 2012 Dodge Ram, VIN #1C6RD7NT3CS304964 (the "subject vehicle")—owned and maintained by Don Fritzemeier and operated by Hawkins.

22.     Hawkins was driving customers, including Decedent, for and on behalf of Dirt Road Outfitters to deer stands on Don Fritzemeier's property.

23.     Around 2:22 p.m., Hawkins was driving northbound on NE 50th Avenue and negligently, carelessly, and recklessly entered the intersection of NE 50th Avenue and NE 40th Street in Stafford County, Kansas.

24.     Around that same time, a vehicle operated by Tate Martin was driving westbound on NE 40th Street and entered the intersection.

25.     The subject vehicle collided with the Martin vehicle.

26.     The subject vehicle left the roadway, entered a ditch, began to overturn, struck a fence and fence post, and came to rest.

27.     Hawkins told investigating officers at the scene and documented in a written statement that he was in the area working as a hunting guide employed by Dirt Road Outfitters.

28.     Hawkins told investigating officers, "I normally don't look at the speedo" when asked how fast he thought he was going.

29.     Hawkins told investigating officers that he was speaking to a passenger about a piece of hunting equipment leading up to the crash and immediately prior to the crash, and Hawkins stated multiple times "I just didn't see them," referring to the Martin vehicle.

30.     Around the time of the crash, it was daylight, cloudy, and weather conditions were

clear with visibility up to 10 miles.

31.     Around the time of the crash, the roadway was dry.

32.     As a direct and proximate result of the actions of Hans Fritzemeier and Don Fritzemeier doing business as Dirt Road Outfitters and Mark Hawkins Jr., taken collectively or singularly, Plaintiff sustained damages and Peter A. Laskowski suffered significant injuries leading to his death several hours after the crash on December 7, 2022.

## COUNT I
### Negligence – *Respondeat Superior*

33.     Plaintiff incorporates by reference Paragraphs 1 through 32 as though fully set forth herein.

34.     At all relevant times, Hawkins was acting in the course and scope of his capacity as an agent, servant, and/or employee of Hans and Don Fritzemeier d/b/a Dirt Road Outfitters, he was acting under the rules, directions, and control of Dirt Road Outfitters, and he was acting in furtherance of Dirt Road Outfitters' business.

35.     Hawkins' negligence is the negligence of Hans and Don Fritzemeier, individually and/or d/b/a Dirt Road Outfitters under the doctrine of *respondeat superior*.

36.     Hawkins had a duty to exercise reasonable care while operating the subject vehicle, which was owned, maintained, and controlled by Hans and/or Don Fritzemeier, individually and/or d/b/a Dirt Road Outfitters.

37.     Hawkins breached that duty of care by his acts and omissions as set forth herein.

38.     Hawkins' acts and omissions constitute negligence.  Hawkins' negligent acts and omissions include:

   a.   Failing to exercise reasonable care operating the subject vehicle;

   b.   Driving at an excessive speed and/or too fast for conditions;

    c.  Failing to drive in a careful and prudent manner under the conditions then existing and in the location described above;

    d.  Failing to keep a careful lookout;

    e.  Failing to employ proper visual search methods;

    f.  Failing to apply the concepts of speed and space management;

    g.  Failing to know the location and position of other vehicles in the road and in relation to the intersection prior to entering the intersection;

    h.  Driving in an inattentive manner;

    i.  Driving in a distracted manner;

    j.  Failing to yield the right-of-way;

    k.  Violating Kansas law regarding driving;

    l.  Driving in a reckless and/or careless manner; and

    m.  Other acts and/or omissions to be identified during discovery.

39.    Hawkins' negligent acts and omissions, breaching the duty of care, directly and proximately caused Decedent's injuries, conscious pain and suffering prior to his death, and his death.

40.    Plaintiff suffered damages as a result of Decedent's death, as set forth more fully herein, as a direct and proximate cause of Hawkins' negligent acts and omissions.

41.    Hans and Don Fritzemeier, individually and/or d/b/a Dirt Road Outfitters, are liable for all of Hawkins' negligent acts and omissions, and all resulting damages under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count I for a fair and reasonable sum of damages in an amount exceeding $75,000, for her costs herein, pre- and post-

judgment interest, punitive damages, and for such other and further relief the Court deems just and proper.

## COUNT II
### Negligence – Hans and Don Fritzemeier d/b/a Dirt Road Outfitters

42.    Plaintiff incorporates by reference Paragraphs 1 through 41 as though fully set forth herein.

43.    Hans and Don Fritzemeier, individually and/or d/b/a Dirt Road Outfitters, owed a duty of reasonable care under the circumstances to prevent harm to third parties, including Decedent and Plaintiff, caused by their employee Hawkins.

44.    Hans and Don Fritzemeier, individually and/or d/b/a Dirt Road Outfitters, breached that duty by their acts and omissions as set forth herein and other acts and omissions identified during discovery.

45.    Hans and Don Fritzemeier, individually and/or d/b/a Dirt Road Outfitters, breached their duty by entrusting the subject vehicle to Hawkins, who they knew or should have known was an incompetent driver incapable of properly using the same, and a habitually careless and dangerous driver.

46.    Hans and Don Fritzemeier, individually and/or d/b/a Dirt Road Outfitters, breached their duty by hiring and retaining Hawkins who they knew or should have known was an unsafe and incompetent driver.

47.    Hans and Don Fritzemeier, individually and/or d/b/a Dirt Road Outfitters, breached their duty by failing to have policies and procedures in place that provided for implementation and enforcement of standards for competency and safety of the guides driving vehicles for them and/or Dirt Road Outfitters prior to hiring them and during their employment, including Hawkins.

48.    Hans and Don Fritzemeier, individually and/or d/b/a Dirt Road Outfitters, breached

their duty by keeping Hawkins employed after knowing or having reason to know that Hawkins'
dangerous qualities and propensities as a driver created an undue risk to others, including Decedent
and Plaintiff.

49.    Hans and Don Fritzemeier, individually and/or d/b/a Dirt Road Outfitters, breached
their duty by failing to train Hawkins appropriately concerning operating Dirt Road Outfitters'
vehicles, the rules of the road, to obey traffic safety laws, and safe driving practices.

50.    Hans and Don Fritzemeier, individually and/or d/b/a Dirt Road Outfitters, breached
their duty by failing to establish and enforce appropriate rules and regulations for Hawkins
pertaining to the safety of Dirt Road Outfitters' customers and other motorists on the roadways.

51.    Hans and Don Fritzemeier, individually and/or d/b/a Dirt Road Outfitters, breached
their duty by failing to properly supervise, manage, and otherwise exercise control or discipline
over Hawkins.

52.    Hans and Don Fritzemeier, individually and/or d/b/a Dirt Road Outfitters, were
negligent through their acts and omissions, breached their duty of care, directly and proximately
caused Decedent's injuries, conscious pain and suffering prior to his death, and his death.

53.    Plaintiff suffered damages as a result of Decedent's death, as set forth more fully
herein, as a direct and proximate cause of Hans and Don Fritzemeier d/b/a Dirt Road Outfitters
negligent acts and omissions.

WHEREFORE, Plaintiff prays for judgment against Hans and Don Fritzemeier,
individually and/or d/b/a Dirt Road Outfitters, on Count II for a fair and reasonable sum of
damages in an amount exceeding $75,000, for her costs herein, pre- and post-judgment interest,
punitive damages, and for such other and further relief the Court deems just and proper.

**DAMAGES**

54.     As a result of the negligence of Defendants as set forth in Counts I and II, Plaintiff and Decedent sustained the following damages in an amount in excess of $75,000, exclusive of interests and costs:

a.  Plaintiff Jennifer Laskowski claims on behalf of herself, individually and as the surviving heir-at-law of Decedent, damages and losses she has sustained—and will continue to sustain in the future—as a result of Defendants' conduct.

b.  These damages include all those allowed under K.S.A. § 60-1901 *et seq.*, including loss of marital care, attention, advice, counsel, and protection, loss of earnings, loss of services, medical care and expenses, funeral expenses, mental anguish, suffering, and bereavement, loss of society, loss of comfort, and loss of companionship.

c.  Plaintiff on behalf of the Estate claims damages for the injuries and conscious pain and suffering Decedent endured between the time of the crash and his death several hours later, which Decedent would have maintained a cause of action for had he survived.

55.     If Defendants allege any claim for damages is subject to the limitations of K.S.A. §§ 60-19a02 or 60-1903, which Plaintiff expressly denies, those caps are unconstitutional in this case for the following reasons:

a.  Damage caps violate the right to a jury trial under Section 5 of the Kansas Constitution Bill of Rights by violating the province of the jury and supplanting the jury's role to determine and assess fair and just damages;

b.  They are contrary to basic tenants and purposes of compensatory damages and

justice as adopted and furthered by our civil judicial system to resolve disputes fairly and justly by fully compensating victims of tortfeasors to make them whole;

c.   They violate the right to remedy by due process and course of the law under Section 119 of the Kansas Constitution Bill of Rights by: (1) arbitrarily limiting any recovery of non-economic damages to a cap of $250,000 to $350,000, irrespective of the nature, severity, extent, and duration of the injuries and losses; and (2) failing to contain a meaningful escalator clause or similar language to account for yearly societal and economic changes, including inflation, thus diluting a substantive remedy;

d.   They violate the equal protection provision of Section 1 of the Kansas Constitution Bill of Rights by: (1) disparity impacting protected groups including widows, children, women, single parents, the elderly, minority groups, the unemployed, the unhomed, the physically or mentally impaired and disabled, and victims seriously injured by tortfeasors; and (2) treating victims of tortfeasors differently based on the nature, severity, extent, and duration of the injuries and whether a jury awards them more or less than $250,000 or $350,000 in non-economic damages; and

e.   They violate the doctrine of separation of powers because they infringe on the judiciary's purpose to resolve disputes fairly and justly by entering full compensatory judgments, the judiciary's authority to order new trials if the jury's award is inadequate, and because they are inflexible caps that preclude judges from exercising judicial discretion by functioning as a statutory remitter

effectively usurping a court's inherent, exclusive, and constitutionally protected power to grant remittiturs.

56.     Defendants' conduct, decisions, choices, acts and omissions described herein constitute wanton and willful conduct toward Decedent and Plaintiff entitling Plaintiff to punitive damages to punish Defendants and deter Defendants and others from similar conduct.

57.     Plaintiff is entitled to recover punitive or exemplary damages because there is clear and convincing evidence that Plaintiff's damages and Decedent's injuries and death resulted from the gross negligence of Defendants.  Defendants' gross negligence involved acts or omissions which, when viewed objectively at the time of the occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others of the kind that occurred here, and Defendants had actual, subjective awareness of the risk involved, but sill proceeded with conscious indifference to the rights, safety, and welfare of others, including Decedent and Plaintiff.

## JURY TRIAL DEMAND

58.     Plaintiff requests a jury of no less than eight for all triable issues.

**PURSUANT TO D. KAN. LOCAL RULE 40.2, PLAINTIFF REQUESTS TRIAL BE HELD IN KANSAS CITY, KANSAS.**

Respectfully submitted,

*/s/ R. Douglas Gentile*
R. Douglas Gentile          KS #13907
Rachel N. Boden             KS #26238
Daniel A. Kopp              KS# 28354
ROUSE FRETS WHITE GOSS GENTILE RHODES, P.C.
5250 West 116th Place, Suite 400
Leawood, KS 66211
(913) 387-1600
(913) 928-6739
dgentile@rousepc.com
rboden@rousepc.com
dkopp@rousepc.com

***ATTORNEYS FOR PLAINTIFF***