IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JENNIFER G. LASKOWSKI, individually, heir-at-law of Peter A. Laskowski, Deceased, and as Special Administrator of the ESTATE OF PETER A. LASKOWSKI, <br><br>  Plaintiff, <br><br> v. <br><br> HANS FRITZEMEIER, d/b/a DIRT ROAD OUTFITTERS, et al. <br><br>  Defendants. | Case No.: 2:23-CV-02308-TC-KGG |

## MEMORANDUM IN SUPPORT OF MOTION TO SUPPLEMENT THE COMPLAINT

NOW COMES the Plaintiff Jennifer G. Laskowski, and in support of her Motion to Supplement the Complaint originally filed in this action, states as follows:

### -Factual and Procedural Background-

1. The Plaintiff commenced this action on July 11, 2023 with the filing of the original Complaint (Doc. No. 1)

2. The Plaintiff brings this Motion to supplement the original Complaint pursuant to FED. R. CIV. P. 15(d), D. KAN. RULE 15.1, and paragraph 3.a. of the court's Scheduling Order (Doc. No. 34). Pursuant to D. KAN. RULE 15.1(a)(2)-(3), a copy of the proposed Supplemental Complaint and a redlined version that shows all proposed changes to the original Complaint are attached hereto as Exhibits 1 and 2.

3. As alleged in the original Complaint, this is a personal injury action arising from injuries and death sustained by the Plaintiff's decedent, Peter A. Laskowski.

4. On December 7, 2022, Peter A. Laskowski was severely injured in a motor vehicle collision and died from his injuries that same day.

5. As further alleged in the original Complaint, Peter A. Laskowski was an occupant in a vehicle at the time of the crash being operated by Defendant, Mark E. Hawkins, Jr. and owned by the Defendant, Donald Fritzemeier.

6. The Plaintiff further alleges that Mark E. Hawkins, Jr. was acting in the course and scope of his agency and employment with the business known as Dirt Road Outfitters – a joint venture between Hans Friztemeier and Donald Fritzemeier.

7. On September 25, 2023, subsequent to the filing of this action, Hans Fritzemeier caused to be formed a limited liability company under the laws of the State of Kansas known as Dirt Road Outfitters, LLC.  *See* Exhibit 3.

8. The Articles of Organization for Dirt Road Outfitters, LLC identify Hans Fritzemeier as the manager of the company's business and affairs.  *See id.*

9. On December 15, 2023, Hans Fritzemeier, through his counsel herein, served Defendant Hans Fritzemeier d/b/a Dirt Road Outfitters' Answers to Plaintiff's First Set of Interrogatories.  *See* Exhibit 4 and Doc. No. 48.

10. In his Interrogatory Answers, Hans Fritzemeier identifies himself as the sole owner of the business that operated under the name Dirt Road Outfitters.  Hans Fritzemeier further states that he no longer operates as d/b/a Dirt Road Outfitters.  Rather, on the advice of legal counsel, the Defendant formed Dirt Road Outfitters, LLC for the purpose of continuing the operation of his hunting and guide business.  *See id.* at Interrog. Rsp. Nos. 3 and 8.

11. In his Interrogatory Answers, Hans Fritzemeier identifies himself as the only owner, member, and manager of Dirt Road Outfitters, LLC.  *See id.*

12.     Finally, in his Interrogatory Answers, Hans Fritzemeier indicates that he now runs the business's finances through a bank account owned by Dirt Road Outfitters, LLC.  *See id.*

### -Discussion-

Pursuant to FED. R. CIV. P. 15(d):

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented . . . . [and] may order that the opposing party plead to the supplemental pleading within a specified time.

In the present action, Defendant Hans Friztemeier formed Dirt Road Outfitters, LLC after the date of the original Complaint.  Based on Hans Fritzemeier's Interrogatory Answers, Dirt Road Outfitters, LLC is the successor to the business previously operated under the name Dirt Road Outfitters.  As the successor entity, Dirt Road Outfitters, LLC may be liable to the Plaintiff as a judgment creditor of Hans Fritzemeier and Donald Fritzemeier for their acts and the acts of their agents and employees in the operation Dirt Road Outfitters.

The general framework governing successor liability of corporations was recognized by the Kansas Supreme Court in *Comstock v. Great Lakes Distributing Co.*, 209 Kan. 306, 310, 496 P.2d 1308 (1972) and was further discussed by this court in *Crane Construction Co. v. Klaus Masonry, LLC*, 114 F.Supp. 2d 1116.

> Generally, where one corporation sells or otherwise transfers all of its assets to another corporation, the latter is not liable for the debts and liabilities of the transferor, except: (1) where the purchaser expressly or impliedly agrees to assume such debts; (2) where the transaction amounts to a consolidation or merger of the corporation; (3) where the purchasing corporation is merely a continuation of the selling corporation; or (4) where the transaction is entered into fraudulently in order to escape liability for such debts.

*Id.* (quoting *Comstock*, 209 Kan. at 310).

The mere continuation exception was further outlined by the Kansas Court of Appeals in *Stratton v. Garvey Int'l., Inc.*, 9 Kan. App. 2d 254, 266, 676 P.2d 1290, 1299 (1984). Specifically, the elements of the mere continuation exception include the following:

> (1) transfer of corporate assets (2) for less than adequate consideration (3) to another corporation which continued the business operation of the transferor (4) when both corporations had at least one common officer or director who was in fact instrumental in the transfer … and (5) the transfer rendered the transferor incapable of paying its creditors' claims because it was dissolved in either law or fact.

*Id.* (citing *Jackson v. Diamond T. Trucking Co.*, 100 N.J. Super. 186, 189, 241 A.2d 471 (1968)). The mere continuation exception was intended to prevent corporate entities from escaping valid claims by merely undergoing an insignificant change in form. *See Crane Construction Co.*, 114 F.Supp. 2d at 1119 (citing FLETCHER CYC. CORP. § 7124.10 (Perm. Ed. 1999)). All the exception's elements need not exist together nor is any one element considered decisive. *See id.* (citing *Stratton*, 9 Kan. App. 2d at 255)).

As this court recognized in *Crane Construction Co.*, although the rules governing successor liability "were designed to govern corporate liability, most courts have applied them 'regardless of whether the predecessor or successor organization was a corporation or some other form of business organization.'" *See id.* at 1119 (quoting *LiButti v. U.S.*, 178 F.3d 114, 124 (2nd Cir. 1999) and citing *Tift v. Forage King Indus., Inc.*, 108 Wis. 2d 72, 322 N.W.2d 14 (1982)).

Here, there is no question that Dirt Road Outfitters, LLC is the mere continuation of the hunting and guide business previously operated by Hans Fritzemeier and Donald Fritzemeier under the name Dirt Road Outfitters. The limited liability company has taken ownership of the business's bank account. By his own admission, Dirt Road Outfitters, LLC is continuing the business operation of Dirt Road Outfitters. The two business share a common operator in Hans

Fritzemeier who was instrumental in the creation of Dirt Road Outfitters, LLC.  Further, it is likely that Dirt Road Outfitters, LLC has custody and control of papers, records, and other relevant documents related to Peter Laskowski's hunting trip and the motor vehicle crash.  Finally, while discovery continues, the transition of the business to an LLC may have rendered the Fritzemeier's less capable of paying creditors' claims.  In particular, the business's income is now held in a bank account in the name of the LLC, and certainly any other assets used in the operation of the business could be re-titled in the LLC's name at any time.

For these reasons, the court should allow the Plaintiff to supplement the original complaint to add Dirt Road Outfitters, LLC as a defendant that may be held liable along with Hans Fritzemeier and Donald Fritzemeier for the Plaintiff's claims against them arising in the operation of the business once known as Dirt Road Outfitters.

### -Conclusion-

For the foregoing reasons, the court should enter an order granting the Plaintiff's Motion, ordering the Supplemental Complaint attached hereto as Exhibit 1 filed, and further ordering the present Defendants to plead to the Supplemental Complaint within twenty-one (21) days of service of the same through the court's CM/ECF system.  The court's order should further indicate that on or after filing the Supplemental Complaint, the Plaintiff may present a summons directed to Dirt Road Outfitters, LLC to the clerk for issuance and service pursuant to Fed. R. Civ. P. 4(b).

Respectfully submitted,

*/s/ Brent W. Jacobson*
Brent W. Jacobson          WI #1084522
*Pro Hac Vice*
ANDERSON O'BRIEN, LLP
1257 Main Street, P.O. Box 228
Stevens Point, WI 54481

(715) 344-0890
bwj@andlaw.com

*/s/ Shane J. VanderWaal*
Shane J. VanderWaal	WI #1020149
*Pro Hac Vice*
VANDERWAAL LAW, S.C.
226411 Rib Mountain Drive, Ste. 2
P.O. Box 1343
Wausau, WI 54402-1342
(715) 845-9401
shanev@vanderlaw.net

*/s/ R. Douglas Gentile*
R. Douglas Gentile	KS #13907
Daniel A. Kopp	KS# 28354
ROUSE FRETS WHITE GOSS GENTILE RHODES, P.C.
5250 West 116th Place, Suite 400
Leawood, KS 66211
(913) 387-1600
(913) 928-6739
dgentile@rousepc.com
rboden@rousepc.com

***ATTORNEYS FOR PLAINTIFF***

6

**CERTIFICATE OF SERVICE**

The undersigned certifies that this pleading was filed on January 2nd, 2024, with the CM/ECF system and further, that the CM/ECF system will serve copies on all parties and counsel of record.

                                                */s/ R. Douglas Gentile*
                                                Attorney for Plaintiffs