# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JENNIFER G. LASKOWSKI, individually, ) <br> heir-at-law of PETER A. LASKOWSKI, ) <br> Deceased, and as SPECIAL ) <br> ADMINISTRATOR OF THE ESTASTE ) <br> OF PETER A. LASKOWSKI, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> vs. ) <br>  ) <br> HANS FRITZMEIER, *et al.*, ) <br>  ) <br> Defendants. ) <br>  ) | Case No. 23-2308-JWB-KGG |

## MEMORANDUM & ORDER GRANTING
## MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT

NOW BEFORE THE COURT is the "Motion for Leave to Supplement the Complaint" filed by Plaintiff. (Doc. 53.) The motion requests leave to add Dirt Road Outfitters, LLC as a named Defendant with Hans Fritzemeier and Donald Fritzemeier as to Plaintiff's claims against them arising in the operation of the business once known as Dirt Road Outfitters. After review of the parties' submissions, the Court **GRANTS** Plaintiff's motion.

### BACKGROUND

This lawsuit was commenced by Plaintiff on July 11, 2023, with the filing of the original Complaint (Doc. 1). Therein, Plaintiff alleges a claim for personal injury to, and the wrongful death of, decedent Peter A. Laskowski (hereinafter "Decedent"). A scheduling order was entered on October 18, 2023 (Doc. 34) which set January 8, 2024, as the deadline to file motions to amend.[1] The present motion was filed on January 2, 2024.

---

[1] The Scheduling Order deadline for motion to amend applies to "any motion for leave to join additional parties or to otherwise amend the pleadings." The Court is not analyzing whether the pending motion falls within what is contemplated by that deadline, however, because the motion was filed prior to that date.

1

Decedent was severely injured in a motor vehicle accident on December 7, 2022, ultimately dying from his injuries that same day.  At the time of the accident, Decedent is alleged to have been an occupant of a vehicle operated by Defendant Mark E. Hawkins, Jr. and owned by Defendant Donald Fritzemeier.  Plaintiff alleges that Mark Hawkins was acting in the course and scope of his agency and employment with Hans and Don Fritzemeier's hunting and guide business dba  Dirt Road Outfitters, which is alleged to be a joint venture of Defendants Hans Fritzemeier and Donald Fritzemeier.  (Doc. 1, at 1-3.)

On September 25, 2023, Hans Fritzemeier formed a Kansas limited liability company named Dirt Road Outfitters, LLC (hereinafter "the LLC").  (Doc. 54-3.)  The Articles of Organization of the LLC identify Hans Fritzemeier as the manager of the company's business and affairs.  (*Id.*)

On December 15, 2023, Hans Fritzemeier (as Hans Fritzemeier d/b/a Dirt Road Outfitters') served responses to Plaintiff's First Set of Interrogatories. (Docs. 48, 54-4.)  Therein, Hans Fritzemeier identifies himself as the sole owner of the business that operated under the name Dirt Road Outfitters.  (Doc. 54-4, at 1, 4.)  He further responded that "he no longer operates as d/b/a Dirt Road Outfitters," but rather, "[o]n the advice of personal legal counsel, … formed Dirt Road Outfitters LLC and now operate[s his] business via that LLC." (*Id.*, at 2.)  He continues that he now runs the business's finances through a bank account owned by Dirt Road Outfitters, LLC, which is the only asset of the LLC.  (*Id.*)

In the present motion, Plaintiff asserts that the newly created "Dirt Road Outfitters, LLC is the mere continuation of the hunting and guide business previously operated by Hans Fritzemeier and Donald Fritzmeier under the name Dirt Road Outfitters" and as a result it may be liable to the Plaintiff for her claims.  Accordingly, Plaintiff seeks to supplement her complaint pursuant to F.R.C.P. 15(d) to add Dirt Road Outfitters, LLC as party, to add facts addressing the formation of

2

the new entity, and to add it to Count II – "Negligence – Hans and Don Fritzmeier d/b/a Dirt Road Outfitters." Defendants generally allege that Plaintiff's motion should be denied as futile pursuant to Fed. R. Civ. P. 15.

## ANALYSIS

I.     **Standards for Supplemental Pleadings.**

Requests to supplement a pleading are contemplated by Fed. R. Civ. P. 15(d).[2] Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented . . . . [and] may order that the opposing party plead to the supplemental pleading within a specified time." Fed. R. Civ. P. 15(d). According to the Tenth Circuit, "Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events." *Walker v. United Parcel Service, Inc.*, 240 F.3d 1268, 1278 (10th Cir.2001). The Tenth Circuit further held that such "authorization 'should be liberally granted unless good reason exists for denying such leave … ." *Id.* (citation omitted). "As with Rule 15(a), the decision to grant or deny a Rule 15(d) motion to supplement rests with the district court." *Wallace v. Microsoft Corp.*, No. 07-2379-EFM, 2011 WL 1230295, at *6 (D. Kan. March 30, 2011).

Our court applies the same standard for deciding motions for leave to amend under Rule 15(a) when considering whether to grant leave to supplement under Rule 15(d). *Klaassen v. Univ. of Kansas Sch. of Med.*, No. 13-CV-2561-DDC-KGS, 2016 WL 7117183, at *5 (D. Kan. Dec. 7, 2016). "Rule 15(a) provides that "[t]he court should freely give leave [to amend the pleadings] when justice

---

[2] Both parties' arguments are based on Rule 15. Defendant's response brief discusses the standards for a motion to amend the Complaint pursuant to Rule 15(a). Plaintiff has, however, sought leave to supplement her Complaint, which falls under Rule 15(d). As discussed herein, the legal standards the Court must apply are the same regardless of whether the movant has sought to amend (Rule 15(a)) or supplement (Rule 15(d)).

so requires." *Id.* Denial of a Rule 15(a) motion to amend "is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted). Futility is also a basis for denial of a Rule 15(d) motion to supplement. *Wallace*, 2011 WL 1230295, at *6. In opposition to Plaintiff's motion, Defendants rely only on the issue of futility. "The proposed pleading is then analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Causer v. Somers*, No. 18-1221-JWB-GEB, 2020 WL 6742790, at *8 (D. Kan. Nov. 17, 2020) (as to a Rule 15(a) motion to amend); *Wallace*, 2011 WL 1230295, at *6 (as to a Rule 15(d) motion to supplement).

A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *ConAgra Foods Food Ingredients Co., Inc. v. Archer-Daniels-Midland Co.*, No. 12-2171-EFM-KGS, 2014 WL 359566, at *2 (D. Kan. Feb. 3, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted)); *Williamson v. United Parcel Service, Inc.*, 2020 WL 1638063, at *2 (D. Kan. April 2, 2020) (citation omitted).

To withstand dismissal, a complaint or amendment need only make a statement of the claim and provide some factual support. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). "It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true." *Williamson*, 2020 WL 1638063, at *2 (citing *Twombly*, 550 U.S. at 556). In other words, applying this standard, "the court must accept as true all well-pleaded factual allegations and view them in the

4

light most favorable to the pleading party." *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09-2626-KHV-DJW, 2010 WL 4004874, at *5 (D. Kan. Oct. 12, 2010).

The proposed amendment should be found futile only if the court finds "the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face or the claims otherwise fail as a matter of law." *Id.* (citing *Raytheon Aircraft Co. v. U.S.*, 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007).) The party opposing the amendment or supplementation of a pleading has the burden of showing the proposed amendment is futile. *Williamson*, 2020 WL 1638063, at *2 (regarding Rule 15(a) motions to amend) (citing *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011)); *Wallace*, 2011 WL 1230295, *6 (as to Rule 15(d) motions to supplement).

To be facially plausible, a claim must include sufficient factual matter "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Suture Express, Inc. v. Cardinal Health 200, LLC*, 963 F. Supp. 2d 1212, 1218 (D. Kan. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009)). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing *Twombly*, 550 U.S. at 555). In determining the facial plausibility of an asserted claim, the Court need not consider "conclusory allegations, unwarranted inferences, or legal conclusions." *Hackford v. Babbitt*, 14 F.3d 1457 (10th Cir. 1994). As discussed above, however, "the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party." *Carefusion 213*, 2010 WL 4004874, at *5.

Defendants argue that Plaintiff's proposed claim against the LLC is futile because the LLC is "not a mere successor to the alleged joint venture" between Defendants Don and Hans Fritzemeier. (Doc. 60, at 2.) Defendants point to the Kansas Supreme Court decision in *Comstock v. Great*

5

*Lakes Distributing Co.*, which concluded that "[g]enerally, where one corporation sells or otherwise transfers all of its assets to another corporation, the latter is not liable for the debts and liabilities of the transferor." 209 Kan. 306, 310, 496 P.2d 1308 (1972).

An exception to that rule is "where the purchasing corporation is merely a continuation of the selling corporation." *Id.* The purpose of this exception is to prevent corporate entities from escaping liability through an insignificant change in form. *Crane Const. Co. v. Klaus Masonry, LLC*, 114 F. Supp. 2d 1116, 1119 (D. Kan. 2000) (citation omitted). The elements of this "mere continuation" exception are:

> (1) transfer of corporate assets (2) for less than adequate consideration (3) to another corporation which continued the business operation of the transferor (4) when both corporations had at least one common officer or director who was in fact instrumental in the transfer … and (5) the transfer rendered the transferor incapable of paying its creditors' claims because it was dissolved in either law or fact.

*Stratton v. Garvey Int'l., Inc.*, 9 Kan.App.2d 254, 266, 676 P.2d 1290, 1299 (1984).

Defendants argue that "only two of the elements of the mere continuation test cut in Plaintiff's favor based on the facts alleged in the amended complaint" – that the LLC "is the entity that now operates the business known as Dirt Road Outfitters and that Hans Fritzemeier has been identified as the manager of the company's business and affairs." (Doc. 60, at 3, 4.) Defendants contend that the other factors are absent from Plaintiff's proposed supplemental Complaint.

The Court is not persuaded by Defendant's argument. Kansas law is clear that no particular element "is necessarily decisive" and it is unnecessary for "all elements … [to] exist together in determining whether the mere continuation exception applies." *Crane Const. Co.*, 114 F. Supp. 2d at 1119. Additionally, courts from other jurisdictions have specifically rejected the argument that the moving party must satisfy each of the five factors to be allowed supplementation or survive a motion to dismiss. *See Swift Enter., LLC v. Trunorth Warranty Plans of Case N. Am., LLC*, No. 1:21-

146, 2022 WL 19396072, at * 14-15 (E.D. Tenn. Sep. 30, 2022) (citation omitted) and *Ammend v. BioPort, Inc.*, 322 F. Supp. 2d 848, 865-66 (W.D. Mich. 2004)).

Plaintiff replies that she has sufficiently alleged mere continuation in paragraphs 13, 15, and 60 of the proposed Supplemental Complaint, which allege:

> Dirt Road Outfitters, LLC was formed to continue the business of Hans Fritzemeier and Donald Fritzemeier that they had been operating under the name Dirt Road Outfitters as further described herein at all times material hereto.
>
> Dirt Road Outfitters, LLC is the mere continuation of the business and operations of Hans Fritzemeier and Donald Fritzemeier d/b/a Dirt Road Outfitters and, as such, may be held liable for the Plaintiffs' claims that follow.
>
> Dirt Road Outfitters, LLC is the mere continuation of the business and operations of Hans and Don Fritzemeier d/b/a Dirt Road Outfitters and, as such, may be held liable to the Plaintiff for her claims herein.

(Doc. 54-1, at ¶¶ 13, 15, and 60.)  Plaintiff contends she has also alleged "(1) a transfer of assets, (2) to another corporation, (3) which continued the business of the transferor, and (4) shares a common officer/director."  (Doc. 62, at 2 (citing Doc. 54-1, at ¶¶ 5, 10-15).)

All things considered, the Court finds that Plaintiff has adequately established the mere continuation exception for purposes of this motion.  The Court further finds that the proposed supplemental Complaint (Doc. 54-1) is not futile for purposes of the present motion.  Defendants' futility objection is **overruled** and Plaintiff's Motion to Supplement (Doc. 53) is **GRANTED**.  The Court's determination on the issues of futility and the mere continuation exception is without prejudice to the presentation of these issues to the District Judge pursuant to Rule 12(b)(6).

IT IS THEREFORE ORDERED that Plaintiff's Motion (Doc. 53) is **GRANTED**. Plaintiff shall file Supplemental Complaint, in the form attached to her motion, **within 14 days of the date of this Order**.  Thereafter, Defendant shall answer or otherwise respond **within 14 days of Plaintiff's filing**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 25th day of January, 2024.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge